IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-335-FDW-DCK

| ALISA CATES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Deem Defendant's Motion To Dismiss Timely Filed" (Document No. 7) filed June 11, 2024, and the "Motion To Remove Plaintiff's Attorney" (Document No. 10) filed June 17, 2024. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will grant the motions.

Defendant requests that the Court accept its "...Motion To Dismiss" (Document No. 8) as timely filed pursuant to Fed.R.Civ.P. 6(b) based on "excusable neglect." (Document No. 7, p. 2). Defendant notes that Plaintiff was employed as a Probation Parole Associate, which is currently a position within the North Carolina Department of Correction ("NCDAC"), not the named Defendant North Carolina Department of Public Safety. (Document No. 7, pp. 1-2). "Because probation and parole positions are now part of the NCDAC per N.C.G.S. § 143B-1480, there was some confusion on the part of personnel following service on Defendant on April 30, 2024." (Document No. 7, p. 2).

Plaintiff, without the assistance of counsel, filed a "Response To Motion To Deem Defendant's Motion To Dismiss Timely Filed" (Document No. 9) on June 17, 2024. Plaintiff's "Response..." expresses dissatisfaction with her counsel of record, Christine S. Hart, and asks the "the Court to remove Ms. Hart from this case." (Document No. 9). Plaintiff does not seem to oppose Defendant's request. Id.

In addition, Plaintiff notes that she asked Ms. Hart to "remove the erroneous information from the Complaint," and now asks "the Court to approve the filing of this case under the name of State of North Carolina, Department of Adult Corrections (f/k/a North Carolina Department of Public Safety)." (Document No. 9, pp. 2-3).

Plaintiff's "Motion To Remove..." asks the Court to remove Ms. Hart "due to the fact that Ms. Hart has been unresponsive to Plaintiff and has refused to remove herself from the case so Plaintiff can move forward." (Document No. 10, p. 1).

Under these circumstances, the Court will accept "Defendant's Motion To Dismiss" (Document No. 8); however, the Court will allow Plaintiff, with or without the assistance of counsel, to file a Second Amended Complaint that corrects any alleged deficiencies. Further amendments are unlikely to be allowed.

The Court will also allow Plaintiff's request to terminate the appearance of current counsel Christine S. Hart. Plaintiff shall either promptly retain new counsel, or proceed without counsel ("*pro se*"). *Pro se* Plaintiff must abide by Federal Rules of Civil Procedure, the Local Rules of this Court, and the Orders of the Court.

**IT IS, THEREFORE, ORDERED** that the "Motion To Deem Defendant's Motion To Dismiss Timely Filed" (Document No. 7) is **GRANTED**. "Defendant's Motion To Dismiss" (Document No. 8) is accepted by the Court as timely filed.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to "Defendant's Motion To Dismiss" (Document No. 8), or in the alternative a Second Amended Complaint, on or before **July 12, 2024**.

**IT IS FURTHER ORDERED** that the "Motion To Remove Plaintiff's Attorney" (Document No. 10) is **GRANTED**. Christine S. Hart's representation of Plaintiff in this matter is hereby terminated.

The Clerk of Court is directed to send a copy of this Order to Plaintiff by certified U.S. Mail, return receipt requested, at the address provided at Document No. 9, p. 3.

**SO ORDERED**.

Signed: June 17, 2024

_____
David C. Keesler
United States Magistrate Judge

3

Case 3:24-cv-00335-FDW-DCK   Document 11   Filed 06/18/24   Page 3 of 3